UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Case No. 8:10-bk-08339-MGW |
| | Chapter 7 |
| Allison Nicole Johnson, | |
|     Debtor. | |
| _____/ | |
| Stephen L. Meininger, as Chapter 7 Trustee of the Estate of Allison Nicole Johnson, | Adv. No. 8:10-ap-01559-MGW |
|     Plaintiff, | |
| v. | |
| Florida Pediatric Associates, LLC, a Florida limited liability company, | |
|     Defendant. | |
| _____/ | |

**AMENDED[1] MEMORANDUM OPINION ON DEFENDANT'S
MOTION TO STRIKE PRAYER FOR PUNITIVE DAMAGES**

Introduction

The provision in section 768.72, Florida Statutes, that no claim for punitive damages shall be permitted unless the plaintiff demonstrates a reasonable basis for that relief applies in this adversary proceeding because (i) that provision does not conflict with any federal procedural rule; and (ii) failure to apply that provision would result in the inequitable administration of justice and promote forum shopping. Accordingly, no claim for punitive damages shall be permitted in this case unless the Trustee demonstrates a reasonable basis for that relief. Because

---

[1] Amended to correct scrivener's error in Memorandum Opinion (Adv. Doc. No. 22 at 1), which erroneously referred to section 768.28, Florida Statutes.

at this stage of the proceeding the Trustee fails to demonstrate a reasonable basis for punitive damages, his punitive damages request should be stricken.

## Background

The Trustee filed a two-count complaint against the Defendant to recover damages under the Florida Consumer Collection Practices Act[2] and the Telephone Consumer Protection Act.[3] According to the Trustee, the Defendant made numerous collection calls to the Debtor over a four-month period.[4] Two of those calls were allegedly made after the Debtor instructed the Defendant to stop calling her.[5] And during one of the collection calls, the Defendant allegedly used abusive language, telling the Debtor "If you did not have insurance or the ability to pay for your children's health care, you should not have taken her to the hospital."[6]

That conduct, the Trustee alleges, violates sections 559.72(7)-(9), Florida Statutes, of the FCCPA.[7] Those sections prohibit a creditor from (i) willfully engaging in harassing or abusive conduct (section 559.72(7)); (ii) using profane, obscene, vulgar, or willfully abusive language in attempting to collect a debt (section 559.72(8)); and (iii) attempting to collect a debt that is not

---

[2] §§ 559.55-.785, Fla. Stat. (2009) ("FCCPA").

[3] 47 U.S.C. § 227 (2009) ("TCPA").

[4] Adv. Doc. No. 1 at ¶ 10. Because this proceeding is before the Court on a motion to strike, all factual allegations are taken as true. *See Town of River Junction v. Maryland Cas. Co.*, 110 F.2d 278, 279 (5th Cir. 1940); *see also Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1139-40 (N.D. Cal. 2010) (stating "[a]s with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true"); *ABC Bus. Forms, Inc. v. Pridamor, Inc.*, No. 09-C-3222, 2009 WL 4679477 (N.D. Ill. Dec. 1, 2009) (explaining that "[o]n a Rule 12(b)(6) motion to dismiss and a Rule 12(f) motion to strike, the court accepts as true all well-pleaded factual allegations") .

[5] Adv. Doc. No. 1 at ¶¶ 11, 12, 19, 21, 23 & 31.

[6] *Id.* at ¶¶ 11, 19, 21 & 23.

[7] *Id.* at ¶¶ 19-23.

legitimate (section 559.72(9)). The Trustee claims he is entitled to punitive damages on his FCCPA claim based on the Defendant's alleged wrongful conduct.[8]

The Defendant initially moved to dismiss the Trustee's Complaint because, according to the Defendant, the Trustee failed to state a claim under the FCCPA.[9] The Court denied the Defendant's motion to dismiss the Trustee's claim under section 559.72(7) (harassing or abusive conduct).[10] But the Court dismissed the Trustee's claim to the extent it was based on alleged violations of sections 559.72(8) (using profane language) and 559.72(9) (collecting illegitimate debt).[11] The Court's dismissal of the Trustee's claim under section 559.72(8) was with prejudice.[12]

The Defendant now seeks to strike the Trustee's request for punitive damages because the Debtor failed to plead entitlement to that relief with specificity under section 768.72, Florida Statutes.[13] Under section 768.72, a plaintiff may not include a request for punitive damages in the initial complaint.[14] Instead, the plaintiff must first demonstrate—based on evidence in the record or evidence proffered by the plaintiff—a reasonable basis for punitive damages.[15] Once that showing is made, the plaintiff can seek leave to amend his complaint to include a request for

---

[8] *Id.* at ¶ 25.

[9] Adv. Doc. No. 7; Adv. Doc. No. 11 at 2.

[10] Adv. Doc. No. 11 at 10-11.

[11] *Id.*

[12] *Id.* at 10.

[13] Adv. Doc. No. 15.

[14] § 768.72(1), Fla. Stat. (2009).

[15] *Id.*

punitive damages.[16] The Trustee contends that section 768.72's pleading requirements do not apply in federal court.[17] So the Court must determine the extent to which section 768.28 applies to the Trustee's FCCPA claim.

Conclusions of Law

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.SC. § 1334(b). This is a core proceeding pursuant to 28 U.S.C § 157(O).

The United States Supreme Court, in *Hanna v. Plumer*, developed a two-part test to determine when a state law—such as section 768.72—applies in federal diversity cases.[18] The first prong of the *Hanna* test requires the court to determine whether the state law in question directly conflicts with a federal procedural rule.[19] If it does, then the court is required to apply the federal rule unless it is unconstitutional.[20] The second prong of the *Hanna* test comes into play only if the state law does not conflict with the federal procedural rule.[21] In that case, the court should apply the state law if application of the federal rule would result in the inequitable administration of justice and promote forum shopping.[22] Although the *Hanna* test was developed in diversity cases, subsequent cases make clear that it applies with equal force in the context of

---

[16] *Id.*

[17] Adv. Doc. No. 19.

[18] *Hanna v. Plumer*, 380 U.S. 460, 468-71, 85 S. Ct. 1136, 1142-44, 14 L. Ed. 2d 8 (1965).

[19] *Hanna*, 380 U.S. at 471, 85 S. Ct. at 1144; *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1296 (11th Cir. 1999).

[20] *Hanna*, 380 U.S. at 471, 85 S. Ct. at 1144; *Cohen*, 184 F.3d at 1296

[21] *Hanna*, 380 U.S. at 468, 85 S. Ct. at 1142; *Cohen*, 184 F.3d at 1297.

[22] *Hanna*, 380 U.S. at 468, 85 S. Ct. at 1142.

other types of federal jurisdiction, including jurisdiction exercised by bankruptcy courts under 28 U.S.C. § 1334(a) and (b).[23]

The Eleventh Circuit, in *Cohen v. Office Depot, Inc.*, used the *Hanna* test to determine whether section 768.72 applies in federal diversity cases.[24] At the outset, the *Cohen* court noted that section 768.72 contains a "pleading" component, as well as a "discovery" component.[25] The "pleading" component prohibits a plaintiff from pleading punitive damages without first (i) seeking leave to amend the complaint to include punitive damages; and (ii) demonstrating a reasonable basis for punitive damages based on record evidence or evidence proffered by the plaintiff. The "discovery" component provides that "[n]o discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted." The "discovery" component was not at issue in *Cohen*.[26] So the *Cohen* court did not consider the applicability of the "discovery" component under the *Hanna* test.[27]

Instead, the *Cohen* court was only concerned with whether the "pleading" component applies in federal diversity cases. Applying the *Hanna* test, the court determined that one part of the "pleading" component—the prohibition against pleading punitive damages in the initial complaint—conflicts with a federal procedural rule.[28] According to the *Cohen* court, the prohibition against pleading punitive damages in the initial complaint conflicts with Federal Rule

---

[23] *See In re Dow Corning Corp.*, 244 B.R. 634, 653 (Bankr. E.D. Mich. 1999); s*ee also Wetzel v. Goldsmith (In re Comstock)*, 16 B.R. 206, 207-08 (Bankr. N.D. Idaho 1981).

[24] *Cohen*, 184 F.3d at 1297-1299.

[25] *Id.* at 1296 n.2.

[26] *Id.*

[27] *Id.*; *see also Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001) (noting that "[t]his court, in *Cohen*, did not decide whether or not federal discovery rules preempt [section 768.72's discovery component"]).

[28] *Cohen*, 184 F.3d at 1299.

Civil Procedure 8(a)(3), which requires that a claim for relief include a demand for the remedy sought. Because Rule 8(a)(3) is constitutional, the *Cohen* court held that section 768.72's prohibition against pleading punitive damages in the initial complaint must yield to Rule 8(a)(3). As a result, a plaintiff in a federal diversity case is permitted to request punitive damages in the initial complaint.

But the *Cohen* court held that remaining part of the "pleading" component—the requirement that a plaintiff demonstrate a reasonable basis for punitive damages—did not conflict with any federal procedural rule. The only federal procedural rule that could have created a potential conflict with section 768.72's requirement to demonstrate a reasonable basis for punitive damages was Federal Rule Civil Procedure 8(a)(2).[29] Rule 8(a)(2) requires only that a *claim* for relief include a short and plain statement showing that the pleader is entitled to relief.[30] The *Cohen* court, however, concluded that a "request for punitive damages is not a 'claim' within the meaning of [Rule] 8(a)(2)."[31] As a consequence, there is no conflict between the requirement that a plaintiff demonstrate a reasonable basis for punitive damages and Rule 8(a)(2) (or any other federal procedural rule) under the first prong of the *Hanna* test.

Ordinarily, where there is no conflict between the state law and the federal procedural rule, the court would consider the second prong of the *Hanna* test. But the *Cohen* court had already determined that one part of section 768.72's "pleading" component (*i.e.*, the prohibition against pleading punitive damages in the initial complaint) was inapplicable in federal diversity cases. So there was no need for the *Cohen* court to consider whether the remaining part of the

---

[29] *Id.* at 1297.

[30] Fed. R. Civ. P. 8(a)(2).

[31] *Cohen*, 184 F.3d at 1297.

"pleading" component (*i.e.*, the requirement to demonstrate a "reasonable basis" for punitive damages) passes the second prong of the *Hanna* test.

This Court, therefore, must now address the second prong of the *Hanna* test and determine whether the failure to apply section 768.72's requirement that a plaintiff demonstrate a reasonable basis for punitive damages will result in the inequitable administration of justice or promote forum shopping. Before doing so, however, it is important to note that section 768.72 does not—as some courts and many litigants suggest—impose a "heightened" pleading requirement. Section 768.28, instead, provides that no claim for punitive damages shall be permitted unless the plaintiff demonstrates a reasonable basis for that relief "based on evidence in the record or proffered by the [plaintiff]."[32] Nothing in the language of section 768.72 requires that the required showing be made in the complaint.[33]

While some courts have recognized that mere conclusory allegations are not sufficient to demonstrate a reasonable basis for punitive damages, those courts did not expressly hold that the plaintiff can only demonstrate a reasonable basis for punitive damages in the complaint.[34] The Court reads those cases to stand for the proposition that if a plaintiff is going to rely solely on the allegations in the complaint, those allegations must be pled with specificity.[35] In fact, at least one Florida court has specifically explained that a plaintiff can rely on evidence outside of complaint to demonstrate a reasonable basis for punitive damages:

---

[32] § 768.72(1), Fla. Stat.

[33] *Id.*

[34] *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340-41 (11th Cir. 2001) (stating that "a plaintiff must plead specific acts committed" by a defendant to recover punitive damages) (citing *Bankest Imps., Inc. v. ISCA Corp.*, 717 F. Supp. 1537, 1542-43 (S.D. Fla. 1989)); *Hogan v. Provident Life & Accident Ins. Co.*, No. 6:08-cv-1897-Orl-19KRS, 2009 WL 2169850, at *5-7 (Jul. 20, 2009).

[35] *Porter*, 241 F.3d at 1340-41; *Bankest Imps., Inc.*, 717 F. Supp. at 1542-43; *Hogan*, No. 6:08-cv-1897-Orl-19KRS, 2009 WL 2169850, at *5-7.

7

> A reasonable showing by evidence in the record would typically include depositions, interrogatories, and requests for admissions that have been filed with the court.[36]

And a "proffer is merely a representation of what evidence [a party] proposes to present."[37] The proper inquiry under the second prong of the *Hanna* test, then, is whether the failure to require the plaintiff to demonstrate a reasonable basis for entitlement to punitive damages before allowing him to pursue that remedy would lead to the inequitable administration of justice and promote forum shopping.

The Court concludes that it would. Being able to pursue punitive damages without first having to demonstrate a reasonable basis for that relief provides a plaintiff with a significant tactical advantage. It goes without saying that a potential punitive damages award significantly increases a defendant's exposure for liability, which, in turn, increases the plaintiff's leverage in settlement negotiations. A defendant would also be subjected to financial worth discovery. And courts have recognized that financial worth discovery can be an invasion of privacy that unduly pressures or coerces a defendant into settling unwarranted claims:

> If plaintiffs were allowed unlimited discovery of defendants' financial resources in cases where there is no actual factual basis for an award of punitive damages, the personal and private financial affairs of defendants would be unnecessarily exposed and, in some cases, the threat of such exposure might be used by unscrupulous plaintiffs to coerce settlements from innocent defendants.[38]

---

[36] *Despain v. Avante Group, Inc.*, 900 So. 2d 637, 642 (Fla. 5th DCA 2005).

[37] *Id.* at 643.

[38] *Tennant v. Charlton*, 377 So. 2d 1169, 1170 (Fla. 1979) ; *see also Rawnsley v. Superior Court*, 227 Cal. Rptr. 806, 808 (Cal. Ct. App. 1986) (explaining that a state statute limiting plaintiffs' right to financial worth discovery was designed to protect defendants from a "situation in which the plaintiff puts forth an easily-alleged cause of action for punitive damages, thus requiring a defendant to expend the time and money "necessary to the compilation of a complex mass of information *unrelated to the substantive claim involved in the lawsuit and relevant only to the subject matter of a measure of damages which may never be awarded*") (emphasis in original); *Rupert v. Sellers*,

Section 768.72, of course, eliminates that tactical advantage in Florida state court. Consequently, many plaintiffs would choose to file their claims in federal court to circumvent section 768.72's protections. And, naturally, allowing plaintiffs to pursue punitive damages without demonstrating a reasonable basis for that remedy would substantially affect the outcome of cases in federal court. Because failing to apply state law would lead to the inequitable administration of justice and promote forum shopping, then state law applies.

Accordingly, section 768.72's requirement that a plaintiff demonstrate a reasonable basis for entitlement to punitive damages applies in this case. So while the Trustee is free to plead entitlement to punitive damages in his initial complaint, that request is still subject to challenge. Most likely, that challenge will arise when a plaintiff seeks financial worth discovery. Under section 768.72, "[n]o discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted."[39] Consequently, a defendant can object to financial worth discovery on the basis that a plaintiff has failed to demonstrate a reasonable basis for punitive damages.

Or, as in this case, a defendant can challenge a punitive damages request at the pleading stage by way of a motion to strike. The Trustee can include a punitive damages request in his complaint under *Cohen*. But that request must be stricken if the Trustee cannot demonstrate a reasonable basis for punitive damages based on record evidence or evidence proffered by the Trustee. Here, the Trustee failed to make the required showing.

---

368 N.Y.S.2d 904, 911 (N.Y. App. Div. 1975) (explaining that a "rule permitting unlimited examination before trial of a defendant as to his wealth in a punitive damage action could . . . constitute undue pressure on defendants in such actions to compromise unwarranted claims"); *Doak v. Superior Court*, 65 Cal. Rptr. 193, 198 (Cal. Ct. App. 1968) (observing that the "threat of having to place a dollar value on one's assets and to disclose that valuation to strangers, may well serve as a powerful weapon to coerce settlement which is not warranted by the facts of the case").

[39] § 768.72(1), Fla. Stat.

The sole basis for the Trustee's request for punitive damages is a series of collection calls the Defendant allegedly made over a four-month period.[40] Two of those calls were made to the Debtor's cell phone after the Debtor told the Defendant to stop calling the Debtor's cell phone.[41] And during one of those calls, the Defendant allegedly used abusive language, telling the Debtor "If you [the Debtor] did not have insurance or the ability to pay for your children's health care, you should not have taken her to the hospital."[42] The Court, however, has already determined that those allegations do not give rise to a claim under section 559.72(8), which prohibits a creditor from using profane, obscene, vulgar, or willfully abusive language to collect a debt. So those allegations are likewise not sufficient to demonstrate a reasonable basis for punitive damages.

The Trustee did include in his Complaint a single conclusory allegation that he was entitled to punitive damages based on the Defendant's "willful, intentional, knowing, malicious, repetitive and continuous conduct."[43] But a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[44] The Trustee did not offer any other record evidence or proffer any evidence supporting his punitive damages request. Accordingly, the Court concludes that the Trustee's allegations in his complaint do not, standing alone, demonstrate a reasonable basis for punitive damages.

---

[40] Adv. Doc. No. 1 ¶¶ 10, 11, 12, 19, 21, 23 & 31.

[41] *Id.* at ¶¶ 11, 12, 19, 21, 23 & 31.

[42] *Id.* at ¶¶ 11, 19, 21 & 23.

[43] *Id.* at ¶ 25.

[44] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

## Conclusion

Based on the foregoing, the Court concludes that the Trustee was required to demonstrate a reasonable basis for punitive damages based on evidence in the record or evidence proffered by the Trustee. Because the Trustee failed to make the required showing, his request for punitive damages should be stricken. Accordingly, the Court will enter a separate order granting the Defendant's Motion to Strike Prayer for Punitive Damages.

**DATED** in Chambers at Tampa, Florida, on July 13, 2011.

_____
Michael G. Williamson
United States Bankruptcy Judge

**Justin K. Fahringer, Esq.**
**Gus M. Centrone, Esq.**
**Thomas A. Lash, Esq.**
**John W. Wilcox, Esq.**
Lash & Wilcox, PL
Attorneys for Plaintiff

**Ronald W. Gregory, Esq.**
**Jay B. Verona**, **Esq.**
Englander and Fischer, LLP
Attorneys for Defendant